D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiff, and proposed Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
INNACIO DOS SANTOS MORAIS, on behalf of himself and others similarly situated,

    Plaintiff,

 v.

DRG HOSPITALITY GROUP, INC. d/b/a DELMONICO'S, and DENNIS TURCINOVIC,

    Defendants.
--------------------------------------------------------x

COMPLAINT

FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION

DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendant conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

1

## THE PARTIES

3.      Defendant DRG Hospitality Group is a New York for-profit Corporation that owns and operates Delmonico's restaurant in downtown Manhattan.

4.      Defendant Dennis Turcinovic is an owner and manager of Delmonico's restaurant. He is regular present at the restaurant to manage its day-to-day affairs. He has and exercises authority to hire/fire employees, discipline employees, make scheduling decisions, and control employees' pay. He regularly meets with restaurant's general manager to discuss details of these matters.

5.      Plaintiff Innacio Dos Santos Morais was employed by Defendants as a server from October 2023 to May 2024.

## FLSA COLLECTIVE ACTION ALLEGATIONS

6.      Plaintiff bring the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all tipped employees employed by Defendants at Delmonico's on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiff").

7.      At all relevant times, Plaintiff and the other FLSA Collective Plaintiff are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules of willfully retaining their tips. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiff.

8.      The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiff are readily ascertainable. For purpose of notice and other purposes related to this action, their

names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiff via first class mail, email, and text message to the last address, email address, and phone number known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

9.  Plaintiff bring the state law wage and hour Claims for Relief (Second, Third, Fourth, Fifth, and Sixth Claims for Relief) pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all tipped employees employed by Defendants at Delmonico's on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

10. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

11. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than fifty (50) members of the Class.

12. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices

of Defendants, as alleged herein, of failing to pay minimum wage, overtime and spread of hours compensation, and illegally retaining tips. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

13. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiff in wage and hour cases.

14. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect

to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

15. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

16. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class members within the meaning of New York law.

b) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work.

c) Whether Defendants paid Plaintiff and the Class members the minimum wage for all hours worked.

d) Whether Defendants illegally retained portions of Plaintiff's tips and the Class members' tips.

e) Whether Defendants illegally distributed Plaintiff's and the Class members' tips to Defendants' agents and/or non-service employees

    f)    Whether Defendants paid employees New York's "spread of hours" premium when their workdays exceeded 10 hours.

    g)    Whether Defendants provided Plaintiff and Class members with the proper notices.

## FACTS

17.    Plaintiff's Consent to Sue form is attached as Exhibit A.

18.    Defendants committed the following alleged acts knowingly, intentionally and willfully.

19.    Defendants knew that the nonpayment of minimum wage, spread of hours pay, and other wages from the compensation of Plaintiff, the FLSA Collective Plaintiff, and members of the Class would economically injure them and violated federal and state laws.

20.    Plaintiff worked for Defendants as a server.

21.    Plaintiff and all other front of the house employees were paid pursuant to New York's tip credit minimum wage, which is lower than the full minimum wage. In 2023, the foodservice NY minimum wage was $10, and the full NY minimum wage was $15. In 2024, the foodservice NY minimum wage is $10.65, and the full NY minimum wage is $16.

22.    Defendants were not entitled to pay servers and all other front of the house employees less than the full minimum wage because Defendants did not give them proper written notice of the minimum wage.

23.    Defendants were also not entitled to pay servers and all other front of the house employees pursuant to a tip credit, because they often spent more than 20% of their workdays and/or 2 hours in a workday performing non-tipped work, such as preparing tables and polishing silverware.

24. For example, Plaintiff often worked double shifts, *i.e.,* lunch and dinner in one day. On any day that Plaintiff was scheduled to work a double shift, Plaintiff arrived at about 10:30 a.m. and performed non-tipped work until the restaurant opened for lunch at noon. After the lunch shift, which ended not later than 3:30 p.m., Plaintiff performed non-tipped work until the restaurant opened for dinner at 5:00 p.m. Closing was at about 11:00 p.m. on those days.

25. Plaintiff typically worked two double shifts per week.

26. When Plaintiff worked double shifts, they lasted longer than 10 hours. However, Defendants did not pay Plaintiff New York's "spread of hours" premium as required by New York law.

27. Defendants required Plaintiff and all service employees to share tips with a sommelier named Sergio. Sergio was not allowed to share in Plaintiff's tips because he had managerial authority. Specifically, he hired other sommeliers. In addition, Sergio often received tips for shifts during which he attended wine tastings and did not provide customer service.

28. Plaintiff and all service employees were also required to share tips with Maitre D's/Captains named Laura and Branko. These individuals were also not allowed to share tips, as they were managers who played a role in interviewing/hiring employees and general management of the restaurant's day-to-day affairs.

29. Payday for Plaintiff and other tipped employees was every Friday. Each payment was for the weekly pay period ending the Sunday before the payday.

30. However, Defendants did not distribute the cash tips for each pay period on the designated Friday payday. In fact, Defendants did not distribute tipped employees' cash tips until more than one week after the cash tips were earned.

31. This violated the requirement of New York Labor Law § 191 that manual workers be paid their wages in full every 7 days.

32. Every time that Defendants failed to pay tipped employees their earned tips within seven days of the end of the workweek, Defendants deprived them of the use of money that belonged to them.

33. Defendants did not give Plaintiff and other tipped employees notice and acknowledgement of pay rate forms upon the commencement of their employment. As a result of Defendants' failure to provide the written wage notice required by N.Y. Lab. L. § 195(1), Defendants' use of the tip credit was an underpayment of wages, and Plaintiff was unaware of the full minimum wage/tip credit requirements. In addition, Plaintiff were not notified that Friday would be their proper payday, and thus did not properly know that their cash tips were paid to them in an untimely manner.

34. Defendants committed the foregoing acts against Plaintiff, the FLSA Collective Members, and the Class.

**FIRST CLAIM FOR RELIEF**
**(FLSA Illegal Deductions from Gratuities, 29 U.S.C. § 201, *et seq.***
**Brought by Plaintiff on Behalf of Himself**
**and the FLSA Collective Plaintiffs**)

35. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

36. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

37. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

38.     Throughout the statute of limitations period covered by these claims, Defendants knowingly retained/misappropriated gratuities belonging to Plaintiff and the FLSA Collective Plaintiff.

39.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiff, seek damages in the amount of their respective unpaid gratuities, liquidated damages for misappropriated and late paid gratuities as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
**(New York State Minimum Wage Act, New York Labor Law § 650 et seq.;
N.Y. Comp. Codes R. & Regs. tit. 12, §§ 146-1.3, 146-2.9)
(Brought By Plaintiff on Behalf of Himself and the Class)**

40.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

41.     Defendants knowingly failed to pay Plaintiff and the Class members the full New York State minimum wage for all hours worked.

42.     Defendants' failure to pay Plaintiff and members the Class the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

43.     As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### THIRD CLAIM FOR RELIEF
**(New York Spread of Hours Provisions, N.Y. Lab. L. §§ 650 *et seq.*
N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6)
(Brought by Plaintiff on Behalf of Himself and the Class)**

44.     Plaintiff reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

45. Plaintiff and the Class Members regularly had workdays that lasted more than ten (10) hours.

46. Defendants willfully and intentionally failed to compensate Plaintiffa and Class Members one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

47. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FOURTH CLAIM FOR RELIEF
**(Illegal Deductions from Gratuities, N.Y. Lab. L. §§ 193, 196-d and 198-b)**
(**Brought By Plaintiff on Behalf of Himmself and the Class**)

48. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

49. Defendants willfully diverted and/or retained portions of Plaintiff's and Class Members' tips.

50. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## FIFTH CLAIM FOR RELIEF
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**
(**Brought By Plaintiff on Behalf of Himself and the Class**)

51. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

52. Defendant did not provide Plaintiff and members of the Class with the notices required by N.Y. Lab. Law §§ 195(1) and 195(3).

53. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### SIXTH CLAIM FOR RELIEF
**(New York State Late Payment of Wages Violations**
**New York Minimum Wage Act, N.Y. Stat. § 190 et seq.)**
**(Brought by Plaintiff on Behalf of Himself and the Class)**

128. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were fully set forth again at length herein.

129. At all relevant times, Defendants have been, and continue to be, an "employer" within the meaning of the NYLL, § 190, et seq.  At all relevant times, Defendant have employed "employee[s]," including Plaintiff and the Class Members.

130. Defendant did not pay Plaintiff and the Class Members—who were manual laborers—all of their earned wages on a weekly basis.

131. By their aforesaid conduct, Defendant willfully violated the provisions of the NYLL regarding timely payment of wages, NYLL Art. 6 § 191, et seq.

132. Plaintiff and the Class Members are thereby entitled to recover from Defendant, jointly and severally, liquidated damages in the amount of Plaintiff's and the Class Members' respective untimely paid wages, as well as compensatory damages for bank fees paid by Plaintiff and the Class Members, interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiff and members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiff and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representative of the FLSA Collective;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiff as Representative of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

| | |
|---|---|
| Dated: New York, New York<br>June __, 2024 | Respectfully submitted,<br><br>JOSEPH & KIRSCHENBAUM LLP<br><br>By: */s/ D. Maimon Kirschenbaum*<br>　　D. Maimon Kirschenbaum<br>　　32 Broadway, Suite 601<br>　　New York, NY 10004<br>　　Tel: (212) 688-5640<br>　　Fax: (212) 981-9587<br><br>*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiff, and proposed Class* |

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.