# Exhibit 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into as of the Effective Date, defined below, between plaintiff Innacio Dos Santos Morais ("Morais" or "Plaintiff"), on the one hand and defendants DRG Hospitality Group, Inc. d/b/a Delmonico's ("DRG"), and Dennis Turcinovic ("Turcinovic") (all defendants hereinafter collectively referred to as, "Defendants"). Plaintiff and Defendants are collectively referred to as the "Parties" and individually as a "Party".

## WITNESSETH:

**WHEREAS,** Plaintiff has made certain allegations against Defendants pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") in a class and collective action complaint filed in the United States District Court for the Southern District of New York entitled *Innacio Dos Santos Morais, et al v. DRG Hospitality Group, Inc. d/b/a Delmonico's, Dennis Turcinovic,* Civil Action No. 24-cv-4379 (JPC), (the "Action");

**WHEREAS,** Defendants have denied and continue to deny the allegations made against them contained in the Action or that they engaged in any other wrongful conduct against Plaintiff;

**WHEREAS,** the Parties agreed to resolve this matter solely to avoid the costs, burdens and uncertainty of protracted litigation; and the execution of this Agreement shall not be construed as an admission of liability of any nature by Defendants, and in fact it is understood that Defendants have expressly disclaimed liability; and

**WHEREAS,** the Parties acknowledge that *bona fide* disputes and controversies exist between them, both as to liability and the amount of damages thereof, if any, and by reason of such disputes and controversies they desire to compromise and have agreed to resolve amicably and settle fully, finally, and in a confidential manner, to the extent permitted by law, all of their past and present claims and potential disputes that existed or may exist, including but not limited to those relating to the subject matter of the disputes, arising out of or related to Plaintiff's allegations in the Action, pursuant to the terms and conditions of this Agreement;

**NOW, THEREFORE,** in consideration of the above recitals and mutual releases, promises, rights, covenants, and obligations contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is acknowledged, the Parties, having been represented by counsel and intending to be legally bound, and having independently concluded that it is in their respective best interests to do so, agree as follows:

(The foregoing "whereas" clauses are true and correct and incorporated by reference as part of this Agreement.)

1. **Settlement Payment.**

    a.  DRG shall pay Plaintiff a total sum of Ten Thousand Dollars and Zero Cents

($10,000.00) (the "Settlement Payment") within thirty (30) days following the date on which the Court in the Action enters an order dismissing the case with prejudice and/or granting final approval of this Agreement and the parties' settlement following a motion to restore onto the calendar, provided that: (a) this Agreement and the attached Stipulation of Dismissal ("Stipulation") annexed as Exhibit A are fully executed by the Parties; (b) the Court approves this Agreement and its settlement terms; and (c) the Court dismisses the Action with prejudice pursuant to FRCP 41. This agreement reflects the payment that will be made to Morais in order to settle his claims.

b. Subject to the conditions set forth in Paragraph 1.a. above, the Settlement Payment will be delivered via mail to Jospeh & Kirschenbaum, LLP c/o Denise Schulman, Esq., 32 Broadway, Suite 601, New York, NY 10004 in the form three (3) checks as follows:

i. The first check will be in the gross amount of Three Thousand One Hundred Sixty Six Dollars and Sixty-Six Cents ($3,166.66), less any and all applicable taxes and withholdings, made payable to "Innacio Dos Santos Morais", which shall represent payment of alleged wage damages.

ii. The second check will be in the amount of Three Thousand One Hundred Sixty Six Dollars and Sixty Seven Cents ($3,166.67), made payable to "Innacio Dos Santos Morais", which shall represent payment of alleged liquidated damages, penalties, and interest.

iii. The third check will be in the amount of Three Thousand Six Hundred Sixty Six Dollars and Sixty Seven Cents ($3,666.67), made payable to "Joseph & Kirschenbaum LLP", Plaintiff's attorneys, as and for attorneys' fees for Plaintiff's attorneys' representation of Plaintiff in this Action.

c. The portion of the Settlement Payment described in Paragraph 1.b.(i), of this Agreement shall constitute the payment of wages and shall, therefore, be subject to all applicable federal, state, and local tax withholdings in accordance with the most recent IRS Form W-4 executed by the Plaintiff and on file with DRG. DRG shall issue an IRS Form W-2 to Plaintiff with respect to this portion of the Settlement Payment.

d. The portion of the Settlement Payment described in Paragraph 1.b.(ii) of this Agreement shall constitute the payment of liquidated damages and interest. Accordingly, the portion of the Settlement Payment described in Paragraph 1.b.(ii) of this Agreement shall not be treated as wages and Plaintiff shall receive an IRS Form 1099-MISC (with funds listed in Box 3 ["Other Income"]) with respect to the payments referred to in these subparagraphs. Plaintiff agrees to be responsible for and pay any amount that may be determined to be due and owing as taxes, interest and penalties, if any, arising out of the Settlement Payment described in Paragraph 1.b.(ii) of this Agreement received by him hereunder. Plaintiff further agrees to hold Defendants harmless against, and indemnify Defendants from any tax, withholding liability, fine or penalty, that may be incurred as a result of the Settlement Payment, including without limitation, attorneys' fees, costs and disbursements incurred in prosecuting any such tax-or indemnity-related action, except that Plaintiff shall not hold Defendants harmless against and indemnify Defendants from any tax, withholding liability, fine or penalty related to the employer's share of

payroll taxes due on the portion of the Settlement Payment described in Paragraph 1.b.(i) of this Agreement. The Parties shall promptly notify each other of any claim by the IRS or any other governmental authority arising under paragraph 1 by sending notice to any party as set forth in paragraph 16 of this Agreement. Plaintiff shall provide DRG with a fully executed IRS form W-9 as a pre-condition to the issuance of this check.

      e.     The portion of the Settlement Payment referred to in Paragraph 1.b. (iii) shall be treated as 1099 income (for attorneys' fees and costs), not wages. Joseph & Kirschenbaum LLP, shall provide DRG with a fully executed IRS form W-9 as a pre-condition to the issuance of this check.

      f.     The Parties acknowledge and agree that the Settlement Payment is made in satisfaction of all claims that were or could have been asserted by Plaintiff, including but not limited to all claims under the FLSA and NYLL, and to any and all attorneys' fees, costs, expenses, liquidated damages, interest, and administrative costs. Plaintiff agrees that he has no future entitlement to any compensation, wages, tips, gratuities, overtime, salary, bonus, commissions, payouts, severance pay, vacation pay or benefits, damages, attorneys' fees or costs other than have been asserted in the Action and the Plaintiff shall not bring or participate in any subsequent action to the contrary. The Parties further acknowledge and agree that the Settlement Payment and the obligations set forth in Paragraph 1 of this Agreement shall constitute full and final settlement of all past, present, and future claims and causes of action by Plaintiff against Defendants arising out of or related to Plaintiff's employment with DRG up to the Effective Date, and all possible claims or issues relative to Plaintiff's allegations will be forever settled in their entireties.

2. **Mutual General Releases.**

      a.     As a material inducement to Defendants to enter into this Agreement, Plaintiff, on behalf of himself, his heirs, successors, representatives, assigns, attorneys, agents, executors, and administrators ("Releasors"), hereby irrevocably and unconditionally release, acquit, and forever discharge Defendants and their present, past, and future owners, affiliates, related business entities, parent companies, subsidiaries, predecessors, successors, assigns, divisions, directors, officers, trustees, members, employees, stockholders, representatives, insurers, business managers, accountants, attorneys, heirs, agents, executors, and administrators, in their individual and representative capacities, and all persons acting by, through, and under, or in concert with any of these (hereinafter collectively referred to as "Releasees"), from any and all charges, complaints, claims, liabilities, obligations, suits, demands, rights, liens, costs, losses, debts, expenses, agreements, contracts, covenants, actions, suits, causes of action, judgments, and orders of whatever kind or nature in law, equity, or otherwise, including but not limited to, all claims for penalties, general damages, punitive damages, compensatory damages, special damages, equitable relief, attorneys' fees, and costs actually incurred, of any nature whatsoever known or unknown, suspected or unsuspected, concealed or hidden, that Releasors had, now have, or in the future may or could have against Releasees, arising out of or relating to any matter of Plaintiff's employment with DRG up to the Effective Date of this Agreement, including, any claim, whether brought on an individual basis or as part of a class, collective, or representative action, under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; the Age Discrimination in

Employment Act of 1967, 29 U.S.C. § 621 et seq.; the Older Worker Benefits Protection Act of 1990; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k); the Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071 (1991); 42 U.S.C. § 1981; 42 U.S.C. § 1983; the National Labor Relations Act, 29 U.S.C. § 151 et seq.; the Equal Pay Act of 1963, 29 U.S.C. § 206(d); the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.; the Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq.; The Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.; the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq.; the New York State Human Rights Law, N.Y. Executive Law § 290 et seq.; the New York City Human Rights Law, New York City Charter and Administrative Code; Title VIII, § 8-107 et seq.; the New York Civil Rights Law, N.Y. Civil Rights Law § 79-e et seq.; New York Labor Law, § 1 et seq.; the New York Workers' Compensation Law, N.Y. Workers' Compensation Law § 1 et seq; any other federal, state, and local equal employment, fair employment, or civil or human rights law or wage and hour law (whether statutory, regulatory, or decisional); the statutory, regulatory, or common law of any jurisdiction, including, but not limited to, any and all tort claims (e.g., assault; battery; false imprisonment; defamation; intentional infliction of emotional distress; negligent infliction of emotional distress; wrongful termination; negligent hiring, supervision and/or retention; conversion; interference with contract; abusive discharge; and/or loss of consortium, companionship, services or society), any and all contract claims (e.g., breach of contract, fraud, and/or breach of covenant of good faith and fair dealing) and under any and all applicable federal, state and local laws, administrative rules or regulations, including any and all claims already asserted and unasserted and related to Plaintiffs' employment with DRG (or their relationship with any other Releasee) and the cessation thereof.

      b.     As a material inducement to Plaintiffs to enter into this Agreement, Defendants, in their individual and representative capacities, and their heirs, executors, administrators, present, past and future owners, affiliates, related business entities, parent companies, subsidiaries, predecessors, successors, assigns, agents, divisions, directors, officers, trustees, members, employees, stockholders, representatives, insurers, attorneys and all persons acting by, through, under or in concert with any of these, on behalf of themselves, (hereinafter collectively referred to as "Defendant Releasors") hereby irrevocably and unconditionally release, acquit and forever discharge Plaintiff, his heirs, successors, representatives, agents, executors and administrators, present, past and future owners, affiliates, related business entities, parent companies, subsidiaries, predecessors, successors, assigns, agents, divisions, directors, officers, trustees, members, employees, stockholders, representatives, insurers, attorneys, in their individual and representative capacities, and all persons acting by, through, under, or in concert with any of these on behalf of themselves (hereinafter collectively referred to as "Plaintiff Releasees") from any and all charges, complaints, claims, liabilities, obligations, suits, demands, costs, losses, debts and expenses, including, but not limited to, all claims for penalties, general damages, punitive damages, compensatory damages, special damages, equitable relief, attorneys' fees and costs actually incurred, of any nature whatsoever known or unknown, suspected or unsuspected, which against the Plaintiff Releasees the Defendant Releasors had, now have, or in the future may or could have, arising out of or relating to any matter up to the effective date of this Agreement, whether under any theory, including, but not limited to, any and all claims in connection with Plaintiffs employment with DRG and the cessation thereof, including but not limited .all claims or causes of action that Defendant Releasors may have with respect to breach

4

of contract, implied or express; impairment of economic opportunity; intentional or negligent infliction of emotional distress; false arrest; assault; battery; false imprisonment; invasion of privacy; prima facie tort; defamation; libel; slander; negligent termination; malicious prosecution; the Complaint; or any other tort, whether intentional or negligent; or any claim or cause of action known or unknown.

      c.      Plaintiff shall also discontinue and withdraw, with prejudice, his collective action claims under the FLSA and F.R.C.P Rule 23 class action claims under the NYLL.

      d.      Notwithstanding anything else set forth herein, nothing herein shall be deemed a waiver of: (i) claims for breach of this Agreement; (ii) claims that may arise based upon events occurring after the Effective Date; or (iii) claims that cannot be waived as a matter of law.

      e.      Plaintiff acknowledges that he may discover facts or law different from or in addition to the facts or law he knows or believes to exist with respect to a released claim. He agrees, nonetheless, that this Agreement and the releases contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

      f.      Plaintiff acknowledges and agrees that he has not suffered any workplace injury that has not already been reported to and/or addressed by Defendants.

      g.      If any legal proceeding, whether individual or class action, is instituted in court or a federal, state, or local administrative agency, including but not limited to any proceeding conducted by either the federal or state Departments of Labor (collectively referred to herein as "Proceeding"), Plaintiff waives all relief available to him (including, without limitation, monetary damages, equitable relief, and reinstatement) under any of the claims and/or causes of action waived in Paragraph 2(a) of this Agreement. Therefore, Plaintiff agrees that he will not accept any award or settlement from any source or Proceeding (including but not limited to any Proceeding brought by any other person or by any government agency) with respect to any claim or right waived by him in this Agreement. If any such Proceeding is currently in process, Plaintiff agrees that he will, to the extent of his ability, seek to have it closed with prejudice.

      h.      If any legal proceeding, whether individual or class action, is instituted in court or a federal, state, or local administrative agency, including but not limited to any proceeding conducted by either the federal or state Departments of Labor (collectively referred to herein as "Proceeding"), Defendants waive all relief available to them (including, without limitation, monetary damages, equitable relief, and reinstatement) under any of the claims and/or causes of action waived in Paragraph 2(b) of this Agreement. Therefore, Defendants agree that they will not accept any award or settlement from any source or Proceeding (including but not limited to any Proceeding brought by any other person or by any government agency) with respect to any claim or right waived by them in this Agreement. If any such Proceeding is currently in process, Defendants agree that they will, to the extent of their ability, seek to have it closed with prejudice.

3. **Mutual Non-Disparagement.**

    a.    Plaintiff agrees that, at all times following the Effective Date of this Agreement, he shall not publish or communicate to any person or entity, or direct others to publish or communicate to any person or entity, any Disparaging Remarks concerning Defendants. Plaintiff shall not be deemed to be in breach of this provision, however, by providing truthful testimony to any court or governmental agency or for making truthful statements regarding Plaintiff's claims in this Action or his experience litigating the case. For purposes of this Agreement, the term "Disparaging Remarks" shall mean remarks, comments, statements, or communications (in any form, including but not limited to written, oral, or electronic) that: (i) reflect adversely upon the affairs or practices of the person or entity about whom remarks are made or (ii) impugn the character, honesty, integrity, morality, acumen, or abilities of the person or entity upon whom remarks are being made or upon whom remarks are being commented.

    b.    Defendants agree that, at all times following the Effective Date, Dennis Turcinovic shall not publish or communicate to any person or entity any Disparaging Remarks concerning Plaintiff and shall not instruct or direct others to do so.

    c.    Defendants agree that if any prospective employer of Plaintiff shall contact DRG for reference or recommendations, DRG shall only confirm Plaintiff's dates of employment and job title(s) held with DRG. All such communications from prospective employers to DRG shall be directed to the attention of Milania Orellana via phone at 212-381-1237.

    d.    Truthful statements about the Parties' experiences in litigating their claims and defenses herein under the FLSA and NYLL shall not be deemed to be Disparaging Remarks under or otherwise a violation of this Paragraph. Nothing herein shall prevent any Party from providing truthful testimony about any topic pursuant to lawfully issued subpoena, court order, or as otherwise required by law.

    4.  **Remedy for Breach.** In the event a Court of competent jurisdiction finds that a Party has failed to comply with the terms and conditions of this Agreement, the non-breaching Party shall be entitled, in addition to any other right or remedy it may have at law or in equity related to breaches of this Agreement, to all reasonable costs associated with enforcing this Article and the Agreement overall, including but not limited to attorneys' fees, if said non-breaching Party prevails in a claim for breach of this Agreement, as determined by a court of competent jurisdiction.

    5.  **No Admissions.** Plaintiff acknowledges and agrees that Defendants have entered into this Agreement solely for the purpose of avoiding the burden, uncertainty, and cost of protracted proceedings and/or litigation. Further, neither this Agreement nor the furnishing of consideration for the general release intended shall be construed as an admission that any Party or any Releasee has violated any federal, state, or local law (statutory or decisional), ordinance, or regulation, or that Defendants or any Releasee has committed any wrong against Plaintiff, or that Plaintiff or any Releasee has committed any wrong against Defendants.

    6. **Representations and Acknowledgements.**  Plaintiff hereby represents and agrees that he has been advised by Defendants of his right to discuss all aspects of this Agreement with an attorney, financial advisor, and/or representative of his choice; he has so consulted with an individual/entity of his choice and that individual/entity has answered any questions he might have had, or he had the opportunity to consult with an individual/entity of his choice and chose not to do so; he has carefully read all of the provisions of this Agreement; he fully understands all of the provisions of this Agreement; he has had a reasonable period of time to consider whether to enter into this Agreement; and he is voluntarily and knowingly entering into this Agreement.

    7. **Entire Agreement.**  This Agreement represents the complete and full settlement of any and all claims of Plaintiff against Defendants or any Releasee under the FLSA and NYLL and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof.  Plaintiff represents and acknowledges that in executing this Agreement, he does not rely upon any representation or statement made by Defendants with regard to the subject matter, basis, or effect of this Agreement other than those contained herein.  This Agreement may not be changed in any respect, except by a writing, duly executed by the Parties or authorized representatives of the Parties.

    8. **Capability to Waive Claims.**  Plaintiff is competent to affect a knowing and voluntary release and waiver of all claims as is contained herein, and hereby do so waive all such claims, and to enter into this Agreement and is not affected or impaired by use of alcohol, drugs, or other substances or otherwise impaired. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor, or other proceeding that could impair the right to settle all claims against Defendants or to waive all claims that Plaintiff may have against Defendants as waived and released herein.

    9. **No Waiver.**  Failure to insist on compliance with any term, covenant, or condition contained in this Agreement shall not be deemed a waiver of that term, covenant, or condition, nor shall any waiver or relinquishment of any right or power at any other time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

    10. **Severability.**  The provisions of this Agreement shall be deemed separate and severable. Should any provision or portion of the Agreement be held invalid or unenforceable, the affected provision shall be modified to the extent necessary to make it legal, valid, and enforceable. If it cannot be so modified, it shall be severed from the Agreement, and the remainder of this Agreement shall remain unaffected and continue in full force and effect, which then shall be interpreted to bar any and all claims Plaintiff may have against Defendants.

    11. **Jointly Drafted Agreement**.  This Agreement shall be deemed to have been jointly drafted by the Parties, and no provision herein shall be interpreted or construed for or against any Party because such Party drafted or requested such provision or this Agreement as a whole.

    12. **Applicable Law, Jurisdiction, and Venue**.  The interpretation and application of the terms of this Agreement shall be governed by the laws of the State of New York, excluding its conflicts of law provisions that would result in the application of the laws of any jurisdiction other than New York.  The Parties submit to and recognize the exclusive jurisdiction and proper venue of the courts of the United States District Court for the Southern District of New York,

sitting in New York, New York, or, if the United States District Court for the Southern District of New York declines to exercise jurisdiction, the New York State Supreme Court for New York County over any action or other proceeding arising out of or in connection with this Agreement, or over the terms of any continuing obligation to Releasees.  To the extent permitted by applicable law, the Parties waive and agree not to assert, by way of motion, as a defense, or otherwise, that the suit, action, or proceeding is brought in an inconvenient forum, that the venue of the suit, action, or proceeding is improper, or that this Agreement may not be enforced in or by such courts.

13. **No Assignment of Claims**.  Plaintiff represents and warrants that he has not assigned or hypothecated any claims herein released in any manner to any person or other entity, in any manner, directly or indirectly. Plaintiff is not aware of any liens and/or pending legal claims applicable to the Payment. Plaintiff also agrees that he will be solely responsible to satisfy any liens or pending legal claims asserted against Plaintiff or Releasees as against the Payment.

14. **Counterpart Signatures**.  This Agreement may be signed in counterparts, provided that each Party receives a copy fully signed by the other Party.  Electronic signatures such as fax or .pdf or .tiff files shall be given the same force and weight as if they were original signatures.

15. **Notice.**  Any notice or other communication required or permitted to be given in connection with this Agreement shall be in writing and shall be mailed by e-mail or certified mail, return receipt requested, or by the most nearly comparable method of mailing from or to a location outside the United States, or by Federal Express, Express Mail, or similar overnight delivery or courier service or delivered in person to the Party to whom it is to be given at the address of such Party as set forth in this Paragraph (or to such other address as the Party shall have furnished in writing in accordance with this Paragraph):

> Plaintiff, Innacio Dos Santos Morais,
> c/o Joseph & Kirschenbaum, LLP
> 32 Broadway, Suite 601
> New York, New York 10004
> Attn: Denise Schulman Esq.
> denise@jk-llp.com
>
> Defendants, DRG Hospitality Group, Inc. d/b/a Delmonico's, Dennis Turcinovic
> c/o Gordon Rees Scully Mansukhani LLP
> One Battery Park Plaza, 28th Floor
> New York, NY 10004
> Attn: Francis J. Giambalvo, Esq.
> fgiambalvo@grsm.com

16. **Effective Date.**  This Agreement shall become effective as of the date of the Order of the Court approving this Agreement or as of the date the Court dismisses the Action with prejudice pursuant to FRCP 41, whichever is later, without need of any further action by any Party or the Court.

PLAINTIFF ACKNOWLEDGES THAT PLAINTIFF HAS CAREFULLY READ THIS AGREEMENT; THAT THIS AGREEMENT HAS BEEN FULLY EXPLAINED TO PLAINTIFF BY COUNSEL OF PLAINTIFF'S CHOICE, NAMELY JOSEPH & KIRSCHENBAUM LLP; THAT HE FULLY UNDERSTANDS THE FINAL AND BINDING EFFECT OF THIS AGREEMENT; THAT THE ONLY PROMISES MADE TO HIM IN EXCHANGE FOR SIGNING THIS AGREEMENT ARE THOSE STATED ABOVE; AND, THAT PLAINTIFF IS SIGNING THIS AGREEMENT VOLUNTARILY IN ORDER TO FINALLY, COMPLETELY AND CONCLUSIVELY SETTLE ALL MATTERS THAT WERE OR COULD HAVE BEEN RAISED IN THE COMPLAINT. PLAINTIFF AGREES TO WAIVE AND RELEASE ANY CLAIM THAT THIS AGREEMENT WAS PROCURED BY OR THAT HE WAS INDUCED TO ENTER INTO THIS AGREEMENT BY FRAUD, DURESS, MISUNDERSTANDING, OR COERCION AND FURTHER WAIVE AND RELEASE ANY CLAIM FOR FRAUD IN THE INDUCEMENT OR ANY SIMILAR CLAIM.

**INNACIO DOS SANTOS MORAIS**

By: _____
         INNACIO DOS SANTOS MORAIS

Date: 9/30/2024


**DRG HOSPITALITY GROUP, INC. d/b/a DELMONICO'S**

By: _____
         Dennis Turcinovic
         Owner and Managing Partner

Date: October 9, 2024 | 11:56 AM PDT


**DENNIS TURCINOVIC**

By: _____
         Dennis Turcinovic

9

Date: _____
      October 9, 2024 | 11:56 AM PDT

# EXHIBIT A

Docusign Envelope ID: 5319245A-FECE-4AF8-A713-273C065AE544
Case 1:24-cv-04379-RWL     Document 21-1     Filed 10/15/24     Page 12 of 14

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
INNACIOS DOS SANTOS MORAIS, on his own
behalf and on behalf of others similarly situated,
                                                                        24-cv-4379 (JPC)
                    Plaintiff,

      -against-                                                       F.R.C.P. 41 STIPULATION
                                                                           OF DISMISSAL
DRG HOSPITALITY GROUP, INC. d/b/a                                       WITH PREJUDICE
DELMONICO'S, and
DENNIS TURCINOVIC,
                    Defendants.
-----------------------------------------------------------------X
```

**WHEREAS,** Plaintiff, INNACIO DOS SANTOS MORAIS filed a Complaint, which asserted claims of, *inter alia*, claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York Labor Law ("NYLL")

**WHEREAS,** the Parties reached a settlement of this action and Plaintiff's claims through arm's-length negotiations and have entered into a Settlement Agreement (the "Agreement"), formally memorializing the Parties' settlement;

**WHEREAS,** the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of, *inter alia*, a bona fide dispute over a provision or provisions of the Fair Labor Standards Act and/or time worked; and

**WHEREAS,** this Court shall retain jurisdiction to enforce the terms of the Agreement;

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned counsel for the Parties, that this action be hereby dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

Dated: September __30__, 2024

Docusign Envelope ID: 5319245A-FECF-4AF8-A713-273C065AE544

_____
GORDON REES SCULLY
MANSUKHANI LLP
BY: Francis J. Giambalvo, Esq.
Attorneys for Defendants
One Battery Park Plaza, 28th Floor
New York, NY 10004
(212) 269-5500

_____
JOSEPH & KIRSCHENBAUM, LLP
BY: Denise Schulman, Esq.
Attorneys for Plaintiff
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640